UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, §<br>For the Use and Benefit of §<br>BORDER DEMOLITION & §<br>ENVIRONMENTAL, INC. §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>G.W.C. CONSTRUCTION, INC., §<br>J.E.DUNN CONSTRUCTION COMPANY §<br>FEDERAL INSURANCE COMPANY, §<br>TRAVELERS CASUALTY AND SURETY §<br>COMPANY OF AMERICA, AND §<br>HARTFORD FIRE INSURANCE COMPANY §<br>§<br>Defendants. § | CASE NO. _____ |

## **PLAINTIFF'S COMPLAINT**

COMES NOW, Border Demolition & Environmental, Inc. ["Border"], Plaintiff, and complains of the Defendant, G.W.C Construction, Inc. ["GWC"], Defendant, J.E. Dunn Construction Company ["J.E. Dunn"], Defendant, Federal Insurance Company ["Federal"], Defendant, Travelers Casualty and Surety Company of America ["Travelers"], and Defendant, Hartford Fire Insurance Company ["Hartford"] [the insurance companies collectively referred to as "Sureties"] for cause shows the following:

## I. Parties and Service

1. Plaintiff, Border Demolition & Environmental, Inc. is a corporation organized under the laws of the State of Texas, having its principal place of business at 1004 Diesel Drive, El Paso, TX 79907.

2. Defendant, G.W.C Construction, Inc. is a New Mexico corporation with its principal place of business as 504 East Avenue D, Lovington, New Mexico 88260, and which may be served with process by service upon its registered agent Lonnie Goff, 504 East Avenue D, Lovington, New Mexico 88260.

3. Defendant, J.E. Dunn Construction Company, is a Missouri corporation with its principal place of business as 1001 Locust Street, Kansas City, Missouri 64106, and which may be served with process by service upon its registered agent CT Corporation Systems, 120 South Central Avenue, Clayton, MO 63105.

4. Defendant, Federal Insurance Company is a corporation that foreign for-profit corporation registered to do business in New Mexico, and may be served with process by service pursuant to New Mexico Statute Sections 59A-5-31 and 59A-5-32, the Office of Superintendent of Insurance, Attn: Service of Process, located at 1120 Paseo de Peralta, 4th Floor Santa Fe, NM 87501.

5. Defendant, Travelers Casualty and Surety Company of America is a foreign for-profit corporation registered to do business in New Mexico, and may be served with process by service pursuant to New Mexico Statute Sections 59A-5-31 and 59A-5-32, the Office of Superintendent of Insurance, Attn: Service of Process, located at 1120 Paseo de Peralta, 4th Floor Santa Fe, NM 87501.

6. Hartford Fire Insurance Company is a foreign for-profit corporation registered to do business in New Mexico, and may be served with process by service pursuant to New Mexico Statute Sections 59A-5-31 and 59A-5-32, the Office of Superintendent of Insurance, Attn: Service of Process, located at 1120 Paseo de Peralta, 4th Floor Santa Fe, NM 87501.

## II.   Jurisdiction and Venue

7. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1352 in that the matter involves an action on a payment bond executed under 40 U.S.C. § 3131 *et. seq.* (the "Miller Act"), and the Court has jurisdiction over any other matters herein pursuant to 28 U.S.C § 1367 because the other claims are so related to the Miller Act claims that they form part of the same case or controversy.

8. In the alternative, this court has diversity jurisdiction under 28 U.S.C. § 1332. The action is brought between citizens of different states and the amount in controversy exceeds $75,000.00.

9. The amount in controversy is in excess of the minimum jurisdictional limits of this Court.

10. Venue in the District of New Mexico is proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Clovis, New Mexico, because this lawsuit involves a written contract whereby the work and services rendered were performed in Cannon Air Force Base, Clovis, New Mexico.

## III.   Factual Background

11. On, July 30, 2018, Defendant, GWC as a sub-contractor, entered into a sub-subcontract with Plaintiff, Border, in which Border was to provide all labor, tools, materials,

equipment, transportation, disposal and supervision for the demolition of Building 14000 at Cannon Air Force Base. The demolition was to be done for work pursuant to Prime Contract No. W9127S-13-D-6001/DM01 ["Prime Contract"] which was awarded to J.E. Dunn as prime contractor, involving the Replacement of the Medical/Dental Clinic located at Cannon Air Force Base ["Project"]. J.E. Dunn was required under Federal Law and under the Prime Contract to provide a payment bond. The payment bond is provided for the benefit of subcontractors and suppliers working on the Project. A true and correct copy of the payment bond is attached to this Complaint and labeled as **Exhibit 1**. On April 1, 2014, J.E. Dunn executed a payment bond with Federal Insurance Company, Travelers Casualty and Surety Company of America and Hartford Insurance Company [the "Sureties"]. The bond was designated number 82333415/105978411/72BCSGO4355 ["the Bond"].

12. The original amount of the Contract for work to be provided by Border was $764,758. This amount was increased to $844,758 via a change order dated September 25, 2018, and further increased to $852,958 via another change order dated September 27, 2018. In the change orders added additional demolition services for the Project. On August 22, 2018, Border received payment from GWC in the amount of $321,198.36 for work done up to that date.

13. Border submitted Payment Application Number 2 on September 24, 2018 in the amount of $183,514.92. Payment Application Number 2 was submitted for work performed through September 24, 2018. Upon information and belief, J.E. Dunn and GWC have been paid by the Government for Border's work performed for the Project. Border was not paid for Payment Application Number 2. A copy of this invoice is attached hereto as **Exhibit 2**.

14. Border submitted Payment Application Number 3 on October 19, 2018 in the amount of $223,094.34. Payment Application Number 3 was submitted for work performed through October 19, 2018. Upon information and belief, J.E. Dunn and GWC have been paid by the Government for Border's work performed for the Project. Border was not paid for Payment Application Number 3. A copy of this invoice is attached hereto as **Exhibit 3.**

15. Border submitted Payment Application Number 4 on November 16, 2018 in the amount of $117,475.80. Payment Application Number 4 was submitted for work performed through November 16, 2018. Upon information and belief, J.E. Dunn and GWC have been paid by the Government for Border's work performed for the Project. Border was not paid for Payment Application Number 4. A copy of this invoice is attached hereto as **Exhibit 4.**

16. On December 18, 2018 Border sent a demand for payment under the Miller Act to J.E. Dunn for Payment Applications 2, 3 and 4 in the amount of $524,112.06. The demand was for non-payment of the invoices by GWC a Subcontractor of J.E. Dunn with whom Border has a direct contractual relationship. J.E. Dunn did not respond to Border's demand.

17. On December 18, 2018 J.E. Dunn and the Government accepted Modification No. 3 in the amount of $67,986.20 for demolition services provided by Border. Border submitted Payment Application Number 5 on December 19, 2018 in the amount of $67,986.20. Payment Application Number 5 was submitted for work performed per Modification No. 3. Upon information and belief, J.E. Dunn and GWC have been paid by the Government for Border's work performed for the Project. Border was not paid for Payment Application Number 5. A copy of this invoice and contract modification are attached hereto as **Exhibit 5**.

18. On February 6, 2019 Border sent an amended demand for payment under the Miller Act to J.E. Dunn and GWC for non-payment of Payment Applications 2, 3, 4 and 5 in the amount of $529,098.26. On February 20, 2019 J.E. Dunn made a partial payment to Border in the amount of $494,341.00. After crediting J.E. Dunn's partial payment the total due to Border by J.E. Dunn and GWC is $97,757.26.

19. On March 12, 2019, Border sent a second amended demand for payment under the Miller Act to J.E. Dunn and GWC for non-payment of the remaining $97,757.26 owed for Payment Applications 2, 3, 4 and 5. To date, J.E. Dunn and GWC failed and refused to pay the amount owed to Border for the labor provided to the Project.

### IV. Causes of Action

#### a. Miller Act Claim Under 40 U.S.C. § 3133

20. Plaintiff incorporates by reference and re-alleges the factual allegations of paragraphs 11 – 19 above.

21. Plaintiff has fully performed its obligations in furnishing materials and labor for the Project.

22. This action is brought more than 90 days since the date that Plaintiff last provided materials and labor for the Project, but prior to the expiration of one year from that date.

23. Despite timely notice and repeated written and oral demands upon J.E. Dunn, GWC and their Sureties for payment for the sums due and owing to Border, payment has not been made.

24. Defendants J.E. Dunn, GWC and their Sureties are jointly and severally liable to Plaintiff for all amounts due for labor and materials furnished for the Project, for a total amount due of $97,757.26, together with interest at the applicable rate.

### *b. Breach of Subcontract-Defendant GWC*

25.     Plaintiff re-alleges and incorporates the facts set forth in paragraphs 11-19 and further states that the Defendants are liable to Plaintiff in breaching the subcontract agreement.

26.     GWC has breached its Subcontract with Border by, among other things, failing and refusing to make payments due under the Subcontract for Subcontract sums owed to Border for costs to provide materials, labor, equipment and work on the Project despite repeated demands.

27.     As a result of GWC's breaches of the Subcontract, Border has incurred damages in the amount of $97,757.26 together with interest at the applicable rate.

28.     All conditions precedent have been performed or have occurred.

### *c. Quantum Merit, Unjust Enrichment, and/or Quantum Valebant*

29.     Plaintiff re-alleges and incorporates the facts set forth in paragraphs 11-28 and further states that the Defendants are liable to Plaintiff in quantum merit, in the alternative to the claims set forth above.

30.     Plaintiff provided services and materials to Defendants. More specifically, performed subcontract work at Building 14000 at Cannon Air Force Base, including, but not limited to, the following work set forth in the preceding paragraphs 11-29.

31.     Plaintiff conferred a benefit onto Defendants JE Dunn and GWC, Defendants JE Dunn and GWC knowingly received a benefit from Plaintiff Borders's work, and the parties Plaintiff and Defendants all expected that Plaintiff intended to be compensated for said work. But for Plaintiff Border's work performed, Defendants JE Dunn and GWC would be obligated to perform under the Prime Contract.

32. Defendants JE Dunn and GWC have not adequately compensated Plaintiff Border for work performed. Plaintiff is entitled to recover the reasonable value for its performed work and described above.

33. In the event or to the extent it is found that there was no enforceable express contract or that the Subcontract does not cover any portion of Border's claim, Border is entitled to recover in unjust enrichment, *quantum meruit* and/or *quantum valebant* from Defendants JE Dunn and GWC, the reasonable value of the labor, materials, equipment and services provided and withheld as set forth in paragraphs 11 – 32 above, together with interest.

## V.   Court Costs and Attorneys' Fees

34. More than thirty days have elapsed since Plaintiff has made demand on Defendants for the contract amounts due Plaintiff as set forth herein, and due to the failure of Defendants to pay amounts due, Plaintiff has been required to retain the services of the undersigned counsel to prosecute this action.

35. Pursuant to the Subcontract with GWC, Plaintiff is entitled to its reasonable and necessary attorneys' fees incurred for having to bring this action to recover amounts due for labor and services provided pursuant to the Sub-contract.

## VI.   Prayer for Relief

WHEREFORE, Plaintiff, Border Demolition & Environmental, Inc., respectfully prays for judgment in favor of the Plaintiff against the Defendants for damages including:

a. Actual Damages in the amount of $97,757.26;

c. Pre-judgment and Post-judgment interest as provided by law;

d. Reasonable and Necessary Attorneys' Fees and Court of filing this lawsuit; and

e. Such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

CUDDY & MCCARTHY, LLP

*/s/ K. Stephen Royce*
K. STEPHEN ROYCE,
New Mexico State Bar # 6190
201 Third Street NW, Suite 1300
Albuquerque, NM 87102
(505) 888-1335
sroyce@cuddymccarthy.com

**ATTORNEYS FOR PLAINTIFF**